**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

LARRY BRADLEY and
HEATHER BRADLEY                                                                      **PLAINTIFFS**

VS.                                                          CIVIL ACTION NO. 3:07-cv-58 HTW-LRA

AT&T MOBILITY LLC
f/k/a CINGULAR WIRELESS LLC,
TABITHA (SIC BARR) BABB, individually and
as agent servant and employee of
CINGULAR WIRELESS LLC,
SOUTHWEST CREDIT SYSTEMS, L.P.
DONNA (SIC RICK) RICH,
individually and as agent, servant
and employee of SOUTHWEST CREDIT SYSTEMS, LP.
and JOHN DOES 1-10                                                                   **DEFENDANTS**

**ORDER DENYING MOTION TO REMAND**

Before this court is the motion to remand submitted by the plaintiffs Larry Bradley and Heather Bradley under Title 28 U.S.C. § 1447,[1] seeking to return the above styled and numbered cause to the Circuit Court of Rankin County, Mississippi, from whence it was removed. Plaintiffs contend that the requisite amount in controversy for this court's subject matter jurisdiction is not asserted. Alternatively, as a basis for remand, the plaintiffs ask to be permitted to amend their state court

---

[1] Title 28 U.S.C. § 1447(c) provides that, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

complaint to include actual parties now designated as "John Doe" defendants whose addition as defendants will destroy complete diversity.

The first issue to be addressed is the amount in controversy. This court has subject matter jurisdiction over a case removed under Title 28 U.S.C. § 1332[2] where the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and where complete diversity exists between the proper parties. The parties in the instant case do not dispute that the present pleadings, unamended, support the presence of complete diversity of citizenship as is required by the United States Supreme Court's decision in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch.) 267, 2 L.Ed. 435 (1806). Plaintiffs are citizens of the State of Mississippi. The defendants show in their notice of removal that none of the parties in interest properly joined and served as defendants is a citizen of the State of Mississippi where this action was initiated. *See* Title 28 U.S.C. § 1441(b).

Additionally, relative to the plaintiffs' request to amend their pleadings to re-designate their "John Doe" defendants with the names of actual persons, this court determines whether removal is appropriate based on the state of the pleadings at the time of removal, and the citizenship of defendants sued under fictitious names is disregarded. *See* Title 28 U.S.C. § 1441(a). Accordingly, at this time, this court denies plaintiffs' motion to amend. So, only the matter of whether the requisite

---

[2]Title 28 U.S.C. § 1332(a) provides that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; ..."

amount in controversy is present leaves open the possibility for a defect in the removal of this case to federal court.

"The sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reinsurance Co., LTD. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

As the removing parties, the defendants have the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

This court has examined closely the plaintiffs' state court complaint to determine whether this court's jurisdictional minimum has been stated.  The complaint contains a judgment demand which states as follows:

> ... for actual, compensatory, and/or punitive damages ... , of and from the Defendants, jointly and severally, and without apportionment, together with prejudgment and post judgment interests, AN AMOUNT UP TO, BUT NOT EXCEEDING, $74,000.00 as actual damages, together with costs of court and attorney fees, for his efforts in bringing the tortfeasors to justice and accountability, **and an award of Punitive Damages**" (emphasis added).

The defendants contend that the plaintiffs' request for punitive damages is confusing at least, and leaves open the possibility of a punitive damages award substantially in excess of what would be required for this court's subject matter jurisdiction.

This court agrees.  In this action, plaintiffs accuse defendants of fraud, deceptive trade practices, conversion and violation of the Fair Debt Collections Practices Act (Title 15 U.S.C. § 1692g provides for validation of debts and cessation of collection efforts on disputed debts).   Plaintiffs' complaint against defendants is

rooted in plaintiffs' displeasure over defendants' alleged actions in denying them cellular service, seeking to collect alleged past-due fees and embarrassing them before other customers with matters protected under the Fair Debt Collections Practices Act.[3]

A fair reading of plaintiffs' complaint certainly indicates that plaintiffs are seeking actual and punitive damages. They ask for $74,000.00 in actual damages and an undisclosed amount in punitive damages. This court is persuaded by the claims asserted, by the amount of actual damages to be sought, that plaintiffs presently seek more than $75,000.00 in total damages, exclusive of costs and interest.          Accordingly, this court finds that this lawsuit features the proper elements – diversity of citizenship and appropriate amount in controversy – for this court's exercise of subject matter jurisdiction. Therefore, this court denies plaintiffs' motion to remand. Plaintiffs' motion to amend is presently denied but now that this court has ruled on the removal question, the plaintiffs may reassert the motion.

The parties are directed to contact the assigned Magistrate Judge for a Case Management Order.

**SO ORDERED** this the 17th day of August, 2007.

            s/ HENRY T. WINGATE
            CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiffs' complaint provides no cite for this Act. If this is the federal Act, this case would be removable under Title 28 U.S.C. § 1331. Defendants did not remove upon this basis, which is understandable if this reference is to a State enactment, although this court has not found such.

CIVIL ACTION NO. 3:07-cv-58 HTW-LRA  Order